NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**GARY ABDQ HARRIS**,

        Petitioner,

v.

**JOHN POWELL, et al.**,

        Respondents.

Civil Action No. 19-18232 (ZNQ)

**OPINION**

**QURAISHI, District Judge**

This matter comes before the Court on petitioner Gary Abdq Harris' submission of an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Am. Pet., ECF No. 12.)[1]  The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons set forth below, the Court will deny the petition as moot and will not issue a certificate of appealability.

**I.**      **BACKGROUND AND PROCEDURAL HISTORY**

On the night of November 15, 1993, Petitioner, recently paroled from a prior offense, kidnapped a 15-year-old girl and her mother, threatened to kill both, and sexually assaulted the girl.  (*See* Op. Affirming J. of Conviction, ECF No. 27-5, at 2–4.)  Police arrested Petitioner on December 2, 1993 and detained him at the Middlesex County Adult Correction Center ("MCACC") pending trial.  (*See* Order Den. Pet'r's Mot. for Jail Credit, ECF No. 28-4, at 2–3.)

---

[1] Although the Amended Petition purports to be a "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241," given the nature of Petitioner's grounds for relief and his reference to the standards governing his claims, this Court construes the Amended Petition as one seeking relief under 28 U.S.C. § 2254.  (*See* ECF No. 11, at 1 n.1.)

For reasons now unknown, on April 8, 1994, the parole board lodged a parole violation detainer against Petitioner. (*See id.* at 6.) As a result, officials transferred Petitioner to a state prison, where he remained until his sentence for the prior offense expired on September 10, 1995. (*See id.* at 3, 6–7.) Thereafter, Petitioner returned to the MCACC pending trial. (*See id.* at 7.)

On March 1, 1996, a jury found Petitioner guilty of kidnapping, aggravated sexual assault, sexual assault, terroristic threats, and criminal restraints. (*See* J. of Conviction, ECF No. 27-1.) On July 8, 1996, the sentencing judge sentenced Petitioner to a 25-year term of imprisonment with 25 years of parole ineligibility for kidnapping the girl, a consecutive 10-year term of imprisonment for kidnapping the mother, and multiple concurrent terms for the other convictions. (*See id.*) In what would become the basis of the instant petition, the sentencing judge credited Petitioner 433 days of time served before trial for the periods of December 2, 1993 through April 8, 1994 and September 10, 1995 through July 8, 1996. (*See id.*) The judge, however, did not credit Petitioner for the additional time he was incarcerated for the prior offense after the lodging of the parole violation detainer. (*See id.*)

Petitioner subsequently appealed his conviction and sentence and filed numerous petitions and motions for relief. These filings are mostly unrelated to the claims in the instant petition and need not be recited in their entirety for the purpose of this opinion. In pertinent part, on April 23, 2004, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. *See Harris v. Hendricks, et al.*, No. 04-2125, 2005 WL 3263870, at *1 (D.N.J. Nov. 30, 2005). Even after the Court advised Petitioner of his rights pursuant to *Mason v. Meyers*, 208 F.3d

2

414 (3d Cir. 2000),[2] Petitioner did not raise the calculation of jail credits as an issue. *See id.* The Court dismissed the petition with prejudice as untimely on November 30, 2005. *See id.* at *4.[3]

On March 26, 2019, Petitioner first raised the issue of jail credits by filing a notice of motion for jail credit in the Superior Court of New Jersey – Law Division (the "Law Division"). (*See* Pet'r's Not. of Mot. for Jail Credit, ECF No. 28-1.) Before the Law Division ruled on Petitioner's motion, Petitioner submitted to this Court a petition for writ of habeas corpus on September 18, 2019, raising several claims relating to the alleged failure to provide jail credits for the days Petitioner spent incarcerated for the prior offense and holding of Petitioner beyond the

---

[2] *Mason* requires district courts to advise *pro se* petitioners that they must include in a single petition all grounds for relief from the conviction or sentence that they challenge lest they be barred from presenting additional grounds at a later date. *See Mason*, 208 F.3d at 418.

[3] Respondents assert that, in light of Petitioner's 2004 habeas petition, the Court should dismiss the instant petition because it is a second petition filed without authorization from the Court of Appeals. (*See* Resp'ts' Resp., ECF No. 27, at 21–23.) Like the mootness issue discussed below, this issue also implicates the Court's jurisdiction to hear this matter. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) (indicating that a district court lacks jurisdiction over an unauthorized second or successive habeas petition).

Section 2244 provides: "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). However, a habeas petition is not a "second or successive" petition merely because it is the second or later in time petition which the petitioner has filed after his conviction. *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Subject to certain exceptions not relevant here, a petition is second or successive if: (1) a court decided an earlier petition *on the merits*; (2) the prior and new petitions challenge the same conviction; and (3) the petitioner could have raised the new claims in the earlier petition. *See United States v. Irizarry*, No. 00-333, 2014 WL 7331940, at *3 (D.N.J. Dec. 18, 2014).

The Court notes, however, that neither the Supreme Court nor the Third Circuit Court of Appeals has directly addressed whether the dismissal of a Section 2254 petition based on the statute of limitations is an adjudication on the merits which renders a subsequently filed petition "second or successive." *See Pierce v. United States*, No. 14-0758, 2015 WL 4653326, at *3 n.1 (D.N.J. Aug. 6, 2015). The Court need not decide this issue at this time, though, because, as discussed below, the Court lacks jurisdiction to hear this matter as Petitioner's claims are moot.

authorized maximum sentence.  (*See* Pet., ECF No. 1.)  Petitioner subsequently moved for a stay and abeyance pending the state courts' resolution of the issue, which this Court granted.  (*See* Oct. 30, 2019 Letter Order, ECF No. 5.)

On October 29, 2019, the Law Division denied Petitioner's motion for jail credit.  (*See* Order Den. Pet'r's Mot. for Jail Credit.)  Petitioner also filed a motion for reconsideration, (*see* Pet'r's Mot. for Recons., ECF No. 28-18), which the Law Division denied on January 29, 2020, (*see* Order Den. Mot. for Recons., ECF No. 28-19.)

Thereafter, this Court granted Petitioner's motion to reopen the matter and directed Petitioner to submit an all-inclusive amended petition.  (*See* Feb. 18, 2020 Order, ECF No. 11.)[4]  On March 3, 2020, Petitioner filed an amended petition purportedly containing all his claims for relief.  (*See* Am. Pet.)

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the Court examined the Amended Petition and determined that the matter did not warrant dismissal prior to the submission of a response.  (*See* April 3, 2020 Order, ECF No. 17.)  Therefore, on April 3, 2020, the Court ordered Respondents to respond, (*see id.*), which Respondents subsequently filed on October 8, 2020.  (*See* Resp'ts' Resp., ECF No. 27.)

On or around May 1, 2020, however, the New Jersey Department of Corrections released Petitioner because his sentence expired.  (*See* Pet'r's Not. of Change of Address, ECF No. 19.)  As a result, the Court ordered Petitioner to show cause as to why the Court should not dismiss his Petition as moot.  (*See* Oct. 5, 2021 Order, ECF No. 40.)  Petitioner submitted a brief in response

---

[4] Apparently, Petitioner had not actually exhausted the issue before the state courts by this point. Although he had filed an appeal of the denial of his motion for jail credit, the Appellate Division granted his request to withdraw the appeal on June 18, 2020.  (*See* Order Granting Pet'r's Request to Withdraw Appeal, ECF No. 20-17.)

on November 15, 2021. (*See* Pet'r's Br., ECF No. 41-4.) Accordingly, the issue is ripe for determination.

## II. DISCUSSION

### A. The Mootness Doctrine

This Court, like any other court, may lose jurisdiction over a matter because of the occurrence of events after the commencement of suit which terminate the controversy at issue. Although the parties did not raise this issue, this Court must raise it *sua sponte* because it implicates the Court's jurisdiction to hear the matter. *See St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537 (1980).

"Though federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them,' Article III of the Constitution limits the federal judiciary's authority to exercise its 'judicial Power' to resolving 'Cases' and 'Controversies.'" *Hamilton v. Bromley*, 862 F.3d 329, 334 (3d Cir. 2017) (internal citation omitted). Courts enforce this case-or-controversy limitation "'through the several justiciability doctrines . . . ,' including 'standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions.'" *Id.* at 334–35.

The mootness doctrine requires that a case or controversy continues through all stages of federal judicial proceedings. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7. It is not enough that a case or controversy existed when the suit was filed. *Lewis*, 494 U.S. at 477–78. Generally, a case may become moot if: (1) the specific alleged violation at issue has ceased and it is not reasonably likely that it will occur again; and (2)

other interim relief or events eliminated the effects of the alleged violation. *See N.J. Turnpike Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 30–31 (3d Cir. 1985).

Here, officials released Petitioner on or around May 1, 2020. (*See* Pet'r's Not. of Change of Address.) Through the mere passage of time, the specific alleged violation – holding Petitioner beyond the authorized maximum sentence – has ceased, the violation is not reasonably likely to recur as Petitioner's sentence has expired, and the release of Petitioner has eliminated the effects of the violation as he is now out of custody. *See N.J. Turnpike Auth.*, 772 F.2d at 30–31. Moreover, the Court cannot grant Petitioner the only valid relief he seeks: an award of jail credits or an evidentiary hearing regarding allegedly incorrect information in Petitioner's pre-sentence report that the New Jersey Superior Court relied upon in denying him additional jail credits. (*See* Am. Pet.)[5] Accordingly, Petitioner's claims are moot unless an exception to the mootness doctrine applies.

### B.  Petitioner Fails to Demonstrate a Collateral Consequence

In his response to this Court's October 5, 2021 order to show cause why the Court should not dismiss his petition as moot, Petitioner raises just one exception to the mootness doctrine: the collateral consequences exception. (*See* Pet'r's Br.)[6] In the criminal context, a case or controversy

---

[5] Along with his brief in response to the Court's October 5, 2021 order, Petitioner also submits two tort claims against Respondents for monetary damages for their alleged roles in the denial of his jail credits. (*See* ECF Nos. 41-2 to -3, 42-1 to -2.) The Court construes these submissions as a motion for leave to file a second amended petition raising the new claims. The Court, however, will deny the motion as futile because such claims are not cognizable in a federal habeas corpus proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy.") (emphasis in original). Moreover, the claims appear to be untimely by several years.

[6] The other major exceptions to the mootness doctrine do not apply here. The first applies to "wrongs that are 'capable of repetition, yet evading review.'" *Bass v. Butler*, 238 F. App'x 773, 776 (3d Cir. 2007). In order for the exception to apply, the party asserting it must establish that "(1) the challenged action was in its duration too short to be fully litigation to its cessation or

exists notwithstanding the expiration of a prisoner's sentence if the prisoner establishes some continuing injury or "collateral consequence" that extends beyond his release. *See Spencer*, 523 U.S. at 7. When a prisoner challenges his underlying conviction, there is a presumption that the conviction has continuing collateral consequences. *Id.* However, where, like here, a petitioner challenges the execution of his sentence rather than the legality of his conviction, the traditional presumption does not apply, and the petitioner must bear the burden of identifying some collateral consequences that are traceable to the challenged portion of the sentence. *Id.* at 8–9.

Petitioner contends that the collateral consequences exception applies because his "injury still is festering" from the denial of his jail credits. (*See* Pet'r's Br. 4.) This vague assertion of an unspecified injury is insufficient to carry his burden of demonstrating a collateral consequence. *See Spencer*, 523 U.S. at 8–9. Moreover, this Court is unable to discern any collateral consequences traceable to the denial of additional jail credits. Accordingly, Petitioner fails to satisfy Article III's case-and-controversy requirement, and the Court will dismiss the petition as moot.

---

expiration and (2) there is a reasonable likelihood that [he will] be subjected to the same action again." *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001). The exception does not apply here because Petitioner does not contend or show that he will once again be convicted, sentenced, denied jail credits, and held beyond his sentence.

The second exception applies where a party voluntarily ceased the challenged practice. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). This exception does not apply here because Respondents did not commute Petitioner's sentence.

The third exception applies to wrongs to a class that continue though those to the named plaintiff(s) do not. *See Sosna v. Iowa*, 419 U.S. 393, 401 (1975). This exception does not apply here because no class has been asserted or certified.

**III.     CERTIFICATE OF APPEALABILITY**

When a habeas corpus petitioner seeks to initiate an appeal of the dismissal of a habeas corpus petition after April 24, 1996, the requirements found at 28 U.S.C. § 2253(c) govern the petitioner's right to appeal. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court finds that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is moot. Reasonable jurists would not find this conclusion to be debatable. Consequently, the Court will not issue a certificate of appealability.

**IV.     CONCLUSION**

For the reasons stated above, the Court will deny the petition and will not issue a certificate of appealability. An appropriate Order follows.

Date: April 29, 2022

                                             s/ Zahid N. Quraishi
                                             **ZAHID N. QURAISHI**
                                             **UNITED STATES DISTRICT JUDGE**